UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRIMHALL LQ LLC D/B/A | § | |
| LA QUINTA INN & SUITES | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No: 5:16-cv-1290 |
| | § | |
| THE CINCINNATI INSURANCE COMPANY, | § | |
| PAUL R. WHITE & COMPANY, INC. and | § | |
| SEAN PAPPAS | § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL
## BY DEFENDANT THE CINCINNATI INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, The Cincinnati Insurance Company ("Cincinnati") files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.*, as follows:

### Commencement and Service

1.     This is a commercial property insurance coverage dispute. On November 28, 2016, Plaintiff filed an action styled Cause No. 2016CI20416, *Brimhall LQ LLC d/b/a La Quinta Inn & Suites v. The Cincinnati Insurance Company, Paul R. White & Company, Inc. and Sean Pappas,* in the 225th Judicial District Court of Bexar County, Texas.

2.     The Petition was served on Defendant Cincinnati via private process server on December 2, 2016. This Notice of Removal is filed within 30 days of the receipt of such service and is, therefore, timely under 28 U.S.C. § 1446(b).

### Grounds for Removal

3.     This action is removable because there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and because damages alleged

are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

## Diversity of Citizenship

4.      The Petition names three defendants. The first named defendant is The Cincinnati Insurance Company. Cincinnati is an insurance company formed under the laws of the State of Ohio, with its principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Cincinnati is a citizen of Ohio.

5.      The second named defendant is Paul R. White & Company, Inc., a licensed adjusting company conducting business in the State of Texas.  Paul R. White & Company, Inc. has been fraudulently joined as a defendant. The plaintiff is unable to establish a cause of action against Paul R. White & Company, Inc. under the facts of this case. They have been joined solely for the purpose of defeating removal.

6.      The third named defendant is Sean Pappas, an individual who is a nonresident of the State of Texas. Mr. Pappas has been fraudulently joined as a defendant. The plaintiff is unable to establish a cause of action against Mr. Pappas under the facts of this case.  He has been joined solely for the purpose of defeating removal.

7.      Plaintiff is Brimhall LQ LLC d/b/a La Quinta Inn & Suites, according to the Petition is a domestic limited liability company.

## Defendants Paul R. White & Company, Inc.
## and Sean Pappas Have Been Improperly Joined

8.      The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent or improper joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Here, Plaintiff asserts generic claims against Paul R. White & Company, Inc. and Sean Pappas for

violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. *See* Plaintiff's Original Petition at ¶¶ 9 through 31. These are the same generic claims that counsel for Plaintiff recites against individual adjusters in other insurance claim lawsuits they have filed. Based on Plaintiff's generic pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Paul R. White & Company, Inc. or Sean Pappas because no real facts relating to them giving rise to a cause of action have been set forth. Plaintiff's claims against Paul R. White & Company, Inc. and Sean Pappas consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945 (2009).

9.      As such, Plaintiff cannot "establish a cause of action against [Paul R. White & Company, Inc. and Sean Pappas] in state court," and Plaintiff's Original Petition evidences the badges of improper joinder. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.,* Civil Action No. H-10-2512, 2010 U.S. Dist. LEXIS 125357, at *2 (S.D. Tex. Nov. 29, 2010). Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Paul R. White & Company, Inc. or Sean Pappas and because no reasonable person could believe that Plaintiff has identified an actionable claim against Paul R. White & Company, Inc. or Sean Pappas based on the allegations contained in the Original Petition, Paul R. White & Company, Inc. and Sean Pappas presence should be disregarded in determining diversity jurisdiction.

**Amount in Controversy**

10.     In its Petition, Plaintiff asserts it seeks relief over $200,000.00 but not more than $1,000,000.00.  *See* Petition ¶ III. The Petition seeks the recovery of these alleged damages from Cincinnati, as well as exemplary damages, interest, and attorneys' fees. *See* Petition ¶ 6. Based on Plaintiff's description of its claim, the amount at issue, exclusive of costs and interest, exceeds $200,000.00

11.     Venue is proper in this district and division under 28 U.S.C. §1441(a) because the state court suit in which this case is currently pending is located in this district and division.

12.     Defendants have given or are in the process of giving notice of the filing of this Notice of Removal to the State Court and to Plaintiff.

13.     All defendants consent to this removal.

14.     Pursuant to 28 U.S.C. §1446(a), the following documents are being filed simultaneously and as exhibits to this notice of removal:

>    (1)     Index of Documents Filed;
>
>    (2)     Copy of State Court Docket Sheet;
>
>    (3)     All documents filed in State Court;
>
>    (4)     Consent to Removal;
>
>    (5)     Certificate of Interested Persons;
>
>    (6)     Civil Cover Sheet.

WHEREFORE, The Cincinnati Insurance Company respectfully requests that this Court remove this action from the 225th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

By: /s/ *W. Montgomery Briscoe*
      W. Montgomery Briscoe
      Federal ID 7004
      State Bar No. 03014500
      wmb@egglestonbriscoe.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 21st day of December 2016, to:

Marc K. Whyte
**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
*Facsimile: (210) 562-2873*
Email: mwhyte@whytepllc.com

/s/ *W. Montgomery Briscoe*
W. Montgomery Briscoe

5